# In the United States Court of Federal Claims

No. 25-2192
Filed: July 1, 2026

---

**GARVESTER BRACKEN,**

       *Plaintiff,*

**v.**

**THE UNITED STATES,**

       *Defendant.*

---

## ORDER

**TAPP, Judge.**

The Court received Plaintiff Garvester Bracken's ("Mr. Bracken") Complaint on August 4, 2025. (Compl., ECF No. 1). Mr. Bracken's Complaint arises from a petition for a writ of habeas corpus he filed in the United States Supreme Court in May of 2021. (*Id.* at 2 (citing *Bracken v. Missouri*, No. 20-1660 (2021))). Mr. Bracken alleges that, although he attempted to file as an indigent person, employees of the Supreme Court required him to pay the standard $300.00 filing fee. (*Id.* at 2–3). Mr. Bracken now seeks a return of that fee. However, in this present action, Mr. Bracken has neither paid the necessary filing fee nor submitted a request to proceed without prepayment. *See* 28 U.S.C. §§ 1914, 1915.[1] Furthermore, the Court concludes that allowing Mr. Bracken to pursue this matter would be futile since his claims fall outside the Court's jurisdiction. Put simply, even had Mr. Bracken complied with this Court's procedural requirements, the Court still could not have reached the merits of his claims. Accordingly, his Complaint must be **DISMISSED**.

Before addressing the substance of Mr. Bracken's claims, the Court must first confront the significant delay between his initial submission and the issuance of this dismissal. On June

---

[1] Even if incarcerated individuals are granted leave to proceed *in forma pauperis*, they remain obligated to pay this Court's $350.00 filing fee over time, beginning with an initial partial payment and followed by monthly deductions from the prisoner's institutional account. 28 U.S.C. § 1915(b). Mr. Bracken is currently incarcerated at the Missouri Eastern Correctional Center. (Letter Ex. 1, ECF No. 2-1 (listing Mr. Bracken's return address)). Thus, even if Mr. Bracken were granted *in forma pauperis* status, he would ultimately find himself in the same position here as he does before the Supreme Court—required to remit a filing fee he believes is illegitimate.

25, 2026, the Clerk's Office received an inquiry from Mr. Bracken regarding the status of his case. (Letter, ECF No. 2). Due to an inadvertent administrative error, his Complaint was not processed, and the matter was neither formally opened nor assigned. (*Id.*). Once this oversight was discovered, the Clerk's Office promptly docketed the Complaint with a retroactive filing date to preserve the original date of receipt and ensure that Mr. Bracken suffered no legal prejudice. (*Id.*; Compl.). The case was then assigned to the undersigned on June 29, 2026. (Notice of Random Assignment, ECF No. 3). The Court acknowledges and regrets this delay, particularly in light of the fact that it ultimately lacks jurisdiction over Mr. Bracken's suit. The Court offers its sincerest apology to Mr. Bracken for the administrative error and the inconvenience it may have caused.

The Court now turns to the threshold issues implicated by Mr. Bracken's claims. The United States Court of Federal Claims is a specialty court. *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act, this Court has the authority to hear any non-tort monetary claims against the United States if they are based on the Constitution, federal statutes, executive regulations, or government contracts. 28 U.S.C. § 1491(a)(1). To invoke the Court of Federal Claims' limited jurisdiction for a legal violation, the underlying provision must be "money-mandating," meaning it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976). This money-mandating source of law must be distinct from the Tucker Act itself. *United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009). The Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted); *see also OTI Am., Inc. v. United States*, 68 Fed. Cl. 108, 113 (2005) ("Jurisdiction must be established as a threshold matter before the court may proceed with the merits" of any action.) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys. *Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). In conducting its review, the Court also accepts as true all undisputed facts in pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

Mr. Bracken's Complaint suffers from three fundamental and insurmountable jurisdictional defects. First, among the various requirements for establishing jurisdiction, a plaintiff must sue the correct party. *See U.S. ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 890, 894 (D.C. Cir. 1999) ("The determination of whether a particular action is properly asserted against a [party] is also a kind of logical prerequisite to the jurisdictional inquiry."). It is well settled that the United States is the only proper defendant in the Court of Federal Claims. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also* RCFC 10 ("The title of the

complaint must name all the parties . . . with the United States designated as the party defendant"). Put simply, to invoke this Court's jurisdiction, the defendant must—without exception—be the United States. 28 U.S.C. § 1491(a)(1); RCFC 10(a). Mr. Bracken expressly states that his claims are directed at a "bond of [ ] Defendants who are federal employees." (Compl. at 1). Because his claims are not brought against the United States, they fall outside the scope of this Court's jurisdiction. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this [C]ourt is the United States, not its officers, nor any other individual.").

Even setting that defect aside, this Court lacks authority to review or second-guess determinations made by other courts and therefore cannot entertain claims that "require[] the court to 'scrutinize the actions' of another tribunal." *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). The administration of filing fees and *in forma pauperis* status in the Supreme Court is governed exclusively by that Court's own rules and statutory authority. *See* 28 U.S.C. § 1911 ("The Supreme Court may fix the fees to be charged by its clerk."). This Court cannot serve as an appellate arbiter to compel the refund of fees collected by a superior tribunal.

Finally, Mr. Bracken relies on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, to challenge the fee collection. (Compl. at 1). But the APA does not authorize money damages, and enforcement of the APA lies exclusively within the jurisdiction of the federal district courts—not the Court of Federal Claims. *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) ("[T]he APA does not authorize an award of money damages at all."). Although Mr. Bracken cites *Bounds v. Smith*, 430 U.S. 817 (1977), for the general principle of access to courts, constitutional claims that do not contain an explicit money-mandating remedy fall outside the Tucker Act's jurisdictional grant. Further, because the $300.00 fee was ordered pursuant to the Supreme Court's autonomous administrative practices, it does not constitute an illegal exaction that this Court may remedy. *See Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (1967) (defining an "illegal exaction" as money "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation").

Under 28 U.S.C. § 1631, when this Court determines that it lacks jurisdiction, it must consider whether a transfer would be "in the interest of justice" to a court where the action could have been brought. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). "Although the courts to which transfer is permissible include the United States district courts, they do not include the Supreme Court." *Sharpe v. United States*, 112 Fed. Cl. 468, 478 (2013) (citing 28 U.S.C. §§ 610, 1631). Here, transfer to a United States District Court would be futile. Just as this Court lacks authority to oversee or correct the internal administrative practices of the United States Supreme Court, a federal district court likewise lacks appellate or mandamus jurisdiction to review, reverse, or order a refund of fees collected by a superior tribunal. *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Further, it is "axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S.

3

1081 (1980). Because a district court would be structurally compelled to dismiss the action, transfer would not serve the interest of justice.

Mr. Bracken has failed to effectively prosecute his case within the meaning of RCFC 41(b). Although he has neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*, granting him leave to do so would be futile and would only prolong the unnecessary life of this action. Because the Court fundamentally lacks subject-matter jurisdiction over claims seeking a refund of Supreme Court fees, no amendment or change in filing status could cure the defects in his Complaint. The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge

---

[2] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

4